IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:00CR253 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DAVID ZEHRINGER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

David Zehringer has filed a section 2255 motion seeking to vacate his conviction and sentence. I will deny the motion because it is too late.

After a guilty plea, Zehringer was sentenced on March 11, 2002 to probation for a term of 5 years and ordered to pay a large sum in restitution. (Filing 35.) He did not appeal. His case was later transferred to the District of Minnesota for probation supervision purposes.

On July 21, 2008, Judge Tunheim denied a section 2255 motion filed in the District of Minnesota. (*See* filing 24 in 03CR324-JRT-JJG in the United States District Court for the District of Minnesota.) The judge denied the motion without prejudice to the filing of a similar motion in this court. The judge warned Zehringer about the one-year statute of limitations. In particular, the judge stated that if Zehringer filed a "motion in the District of Nebraska" then Zehringer "will need to explain why the motion is not time barred under the one-year statute of limitations." (*Id.* at p. 3 n.2.)

Zehringer filed his motion in this court on August 22, 2008. (Filing 43.) While the motion is long and verbose, it fails to give any legitimate reason for failing to file it on time. Indeed, the one explicit attempt to explain the reason for the late filing contains nothing but gibberish, to wit: "Timeliness of Motion: . . . The lack of mens

rea in the banks original claim . . . should have been accompanied by a certified Claim audit . . . ."  (Filing 43 at CM/ECF p. 12.)

Section 2255(f) states in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally speaking, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, that is, upon conclusion of direct review or at the end of the time for seeking such review.  Since there was no appeal, the defendant's conviction became final ten business days after the pronouncement of judgment or about March 25, 2002. *See* Fed. R. App. P. 4(b)(1), 26(a); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir.1999) ("[I]f a

defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")  Because the motion was presumptively untimely when filed in August of 2008, more than six  years after the judgment became final, and because Zehringer has not come close to providing a basis for tolling the statute of limitations, the motion will be denied under the provisions of 28 U.S.C. 2255(f).

IT IS ORDERED that:

(1)    The motion under 28 U.S.C. § 2255 (filing 43) is denied with prejudice.

(2)    A separate judgment will be issued.

September 4, 2008.                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge

-3-